UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY,  )
an individual,  )
  )  CASE NO.: 1:23-cv-1779
  Plaintiff,  )
vs.  )
  )
EVERWISE CREDIT UNION,  )
a/k/a TEACHERS CREDIT UNION,  )
an Indiana Non-Profit Corporation,  )
  )
  Defendant.  )
_____  )

**COMPLAINT**

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues EVERWISE CREDIT UNION, a/k/a TEACHERS CREDIT UNION, an Indiana Non-Profit Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, EVERWISE CREDIT UNION, a/k/a TEACHERS CREDIT UNION, (hereinafter referred to as "Defendant"), is an Indiana Non-Profit Corporation registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which are the subjects of this action, to wit: the "Property", Everwise Credit Union, located at 18 Providence Dr., Greenwood, IN 46143. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a credit union, is open to the public and provides goods and services to the public.

10. MR. TOOLEY has regularly visited the Property over the past two (2) years and attempted to utilize the goods and services offered at the Property because he is employed by and

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

makes deposits for a company with an account there and because this branch is conveniently located just 1.4 miles from his residence (or a five minute drive).

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered that both of the parking spaces designated for disabled use throughout the Property were inaccessible due to slopes in excess of 1:48, cracked pavement and other disrepair within the spaces. Additionally, the access aisle of the two intended ADA parking spaces is obstructed by a large built-up curb ramp creating a dangerous safety hazard. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize the disabled use parking spaces during his visits.

    B. Plaintiff encountered an inaccessible curb ramp serving the front entry of the Property due to steep running slopes, steep side flares, lack of smooth transitions and its obstruction of the access aisle of the intended ADA

parking spaces. These conditions made it difficult and dangerous for Plaintiff to maneuver over the ramp safely and forced him to use extreme caution to avoid a fall.

14. Plaintiff has visited the public premises described herein and encountered barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15. Independent of his intent to return as a patron to the Property for the financial services located there and its convenient location just 1.4 miles from his residence, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property is structurally feasible[2] and would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

---

[2] Johnson County property records show that the Property was originally constructed in 2003 which implicates the "new construction" barrier removal standard under the ADA.

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 2, 2023

                Respectfully Submitted,

By: *Louis I. Mussman*           .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.

5

Attorney No. 24761-84  
Attorney at Law  
6617 Southern Cross Drive  
Indianapolis, Indiana 46237  
Tel: (317) 750-8503  
ebohnet@gmail.com